# Collins v. South Penn Oil Company, Appellant.

*Lease—Oil and gas lease—Extension—Construction of written instrument.*

An oil and gas lease was made on September 30, 1875, to extend for a term of twenty years. In 1890, the owners of the fee entered into an agreement with the lessees making an extension of the lease for the term of ten years from September 30, 1895, upon the same terms and conditions as the original lease. In 1892, the owners of the land executed a deed therefor, reserving to themselves all the oil and gas from the date of the deed to September 30, 1905, together with the right to execute a new lease to the present owners of the existing lease upon the same terms and conditions contained in the lease of September 30, 1875, for the term of ten years after the expiration of said lease. *Held*, that the owners in making the reservation intended to retain the rights which they had in the old lease until September 30, 1895, and then for the purpose of extending the time for the period of ten years.

One of the lessees in the original lease above mentioned parted with all interest in the leasehold, and thereafter acquired a one-fourth interest as a part owner in the fee of 213 acres in land other than that covered by the original lease. On December 10, 1895, the owner of the lands covered by the original lease entered into an agreement in writing with the owner of the one-fourth interest in the 213 acres in which he recited that he was a part owner of the 213 acres, and referred to the original lease covering the other lands and agreed that as soon as he should become the owner of full three-fourths of the 213 acres, he would extend the lease of September 30, 1875, to the owner of the one-quarter interest of the 213 acres, and the latter person agreed to surrender the full equal three-fourth parts of one-eighth of all the oil produced therefrom from and after September 30, 1905, in the manner provided in the original lease. *Held*, that the agreement referred only to the 213 acres and not to the lands covered by the original lease, in which the lessee had parted with all interest.

Argued Oct. 9, 1908. Appeal, No. 72, Oct. T., 1908, by defendant, from judgment of C. P. Forest Co., Nov. T., 1905, No. 12, on verdict for plaintiff in case of Truman D. Collins v. South Penn Oil Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Howe township. Before LINDSEY, P. J.

The court charged in part as follows:

On September 30, 1875, John Taggart, and others, made a lease to J. B. Agnew for the purpose of exploring for oil and gas, and perhaps other minerals, for the term of twenty years, which would make the lease expire on September 30, 1895.

Some time in 1890, these same lessors entered into an agreement with the North Penn Oil Company, the company having acquired in the meantime the interest of J. B. Agnew. This agreement is dated in 1890. The day and month is left blank, but it is acknowledged on November 6, 1890, and recorded June 6, 1891.

I may state at this time that this agreement was for the extension or making of a new lease, extending this original lease made September 30, 1875, to J. B. Agnew. This agreement was to extend or make a new lease, extending the time ten years beyond the twenty years which it had to run.

On December 3, 1892, Thomas M. Armstrong, trustee, and Andrew J. Armstrong, and others, made a conveyance of the interests which they had in the land that was described, or certain parts of the land which was described in the original lease, to J. B. Agnew. And in that they make a reservation which I will allude to a little later. And I may state here that all the other owners, or their heirs or assigns that are named as the grantors in the original lease to J. B. Agnew, made a conveyance similar to the one to which I have called your attention, to Mr. Collins, the plaintiff in this case. In all but one of those conveyances, the exception and reservation is the same as contained in the deed to which I have just called your attention, dated in 1892.

The exception in that deed is as follows: "Excepting and reserving unto the said parties of the first part, their heirs, executors, administrators and assigns, all the oil and gas in said premises, with the right to bore, explore, dig, produce and remove the same, from this date up to and including September 30, 1905, with the right and privilege in said parties of the

first part to receive all rents, royalties, issues and profits due or to become due by reason of a certain lease heretofore executed by the then owners of the land, namely, John Taggart et al., to J. B. Agnew, dated September 30, 1875, and recorded in Forest county, in Deed Book, vol. 12, p. 57, subject to which this deed is made."

So far this reservation is plain and clear, and reserves to the grantors in this deed all the rights which they had when they made the lease to J. B. Agnew, and the right to receive one-eighth of the oil that might be produced under that lease.

But it goes on to state, "And also, the right in said parties of the first part to execute a new lease or leases to the present owner of said lease or any other person or persons they may desire, upon the same terms and conditions contained in said lease of September 30, 1875, at any time, for the term of ten years after the expiration of said last-mentioned lease, in which said new lease or leases the rents, royalties, profits and benefits shall likewise accrue to and be payable to said parties of the first part hereto, their heirs, executors, administrators and assigns."

You will observe, Gentlemen, that in this clause the parties reserve the right to execute a new lease or leases to the present owner of said lease or any other person or persons. Now, by the terms of their agreement which they made in 1890, they agreed to extend or make a new lease for the period of ten years from September 30, 1895, the date upon which the lease above described will expire. This agreement recites: "Now therefore this agreement witnesseth, that the said parties of the first part, for and in consideration of the sum of one dollar to them in hand well and truly paid, by the North Penn Oil Company at and before the sealing and delivery hereof, the receipt of which is hereby acknowledged and of the purchase by said company of the interest of the parties of the first part in the leasehold above described, have covenanted and agreed and by these presents do covenant and agree to demise and lease to the said North Penn Oil Company, its successors and assigns," and then goes on to describe.

Now, Gentlemen, the parties in making this reservation, and

surely the person drawing the reservation had in mind, and he was drawing it for the grantors named in the deed, and they had in mind the fact that they had agreed to make a lease extending the time from September 30, 1895, for the period of ten years, and were careful, in my opinion, to reserve the right to do what they had agreed to do in 1890, when they made the agreement with the North Penn Oil Company. This deed was made in 1892, two years later, and in the judgment of the court, when they made this reservation, this language was for the purpose of retaining to themselves the right to do what they had agreed to do in that agreement, and they probably had in mind at that time that it was incumbent upon them by the terms of that agreement to make a lease when 1895 should arrive, the time of the expiration of the lease. It was perhaps not necessary that that should be done—this agreement might be treated as an extension. But in our judgment that is what the parties meant when they made that reservation. They go on to say, "Upon the same terms and conditions contained in said lease of September 30, 1875, at any time for the term of ten years after the extension of said last mentioned lease." Here again the allusion is to the "last mentioned lease" and the expiration of that lease—the expiration of the time which that lease has to run—ends September 30, 1895, and it is to be ten years from the expiration of that lease. Therefore, we are clearly of the opinion that this reservation made by the grantors in those deeds, with the one exception, is for the purpose of retaining the rights which they had in the lease until September 30, 1895, and then for the purpose of extending the time for the period of ten years.

This is very clear, in our judgment, and it is the duty of the court to construe written instruments. However much we would desire to throw this duty upon the jury, we cannot. It is our duty to construe written instruments, and it is our opinion that the extension of time mentioned in this reservation is for the period of ten years after September 30, 1895.

This brings us to the consideration of the contract between T. D. Collins, the plaintiff, and J. B. Agnew, made on December 10, 1895. This contract is not so clear to our mind as the

others.  The meaning is more obscure.  The preamble in the contract recites an ownership by the parties in 213 acres in the northeast corner of warrant No. 3,197.  The next paragraph of the contract proper, alludes to this same lease which was made to J. B. Agnew, September 30, 1875, and expired on September 30, 1895, and that the extension would not expire until September 30, 1905.  This part of the agreement alludes to that contract as we have said.  I may as well read the paragraph and you will get it more clearly.  "Now this agreement witnesseth: That the said T. D. Collins, in consideration of the sum of one dollar, agrees that as soon as he shall become in possession as owner of the full three-fourths of the above described 213 acres of land, that he will then either extend the above said lease according to the terms and conditions thereof or make a new lease according to the terms of the said original lease to the said J. B. Agnew, from and after September 30, 1905, for so long a period as oil is procured on said premises, and the conditions of said lease is complied with, reserving to himself the same royalty and rights reserved to said first parties in the original lease, being one-eighth of all the oil produced on said lease."  He had succeeded to the ownership of the land of the lessors in that original lease, and this clause which I have just read to you would seem, taking its terms literally, to renew or to agree to renew or make a new lease.  We, however, are unable to come to the conclusion that that was the meaning of the parties. One reason that leads to that conclusion is the last paragraph in which J. B. Agnew agrees that Mr. Collins shall have three-fourths of the one-eighth royalty reserved.  That would give him more than J. B. Agnew had the power to give.  If the intention was a renewal of the lease or making a new lease, according to the terms of that original lease, which would cover the 213 acres in the northeast corner of 3,197, then Agnew had power to make such an agreement, but he had not the power to make the agreement giving that amount to Mr. Collins in the other lands covered by that original lease.  And taking the whole paper into consideration, the recitation of the land in the preamble, which would seem to be the land that they were contracting about, we are constrained to hold that this agreement

rclatcs only to the 213 acres in the northeast corner of warrant 3,197.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. E. Rice,* with him *A. C. Brown, W. D. Hinckley* and *J. H. Alexander,* for appellant.

*Peter M. Speer,* with him *T. F. Ritchey, M. A. Carringer* and *J. W. Kinnear,* for appellee.

PER CURIAM, November 2, 1908:

The judgment is affirmed on the charge of the learned judge below.